## IRON CAP COPPER CO. v. UNITED STATES.

District Court, D. Massachusetts. April 3, 1929.

No. 3463.

Tyler, Eames, Wright & Hooper and Burton E. Eames, all of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Ducke Smith, Sp. Asst. U. S. Atty., both of Boston, Mass.

MORTON, District Judge. This is an action to recover interest on a credit allowed by the government against certain additional income taxes assessed against the plaintiff. The case turns on when the credit was allowed. The government says on March 29, 1924; the plaintiff, on either July 14, 1924, or August 7, 1924. Between the first and the second of these dates the Revenue Act of 1924 (43 Stat. 253) had gone into force, on

June 2, 1924, superseding the act of 1921 (42 Stat. 227). If the allowance was made during the earlier act, the plaintiff is not entitled to interest on the credit; if made during the act of 1924, it is entitled to it.

Under both acts questions of overassessment were determined in the Bureau at Washington, while the individual accounts with the taxpayers were kept at the offices of the district collectors. When a decision was made by the Commissioner in favor of a taxpayer—i. e., that there had been an overassessment—this determination was entered on an overassessment sheet, which was sent to the collector of the proper district with instructions to adjust the matter with the taxpayer, either by an abatement of the taxes complained of, or by a credit on taxes outstanding, or by a refund of the amount illegally collected. The collector upon receipt of this action by the Bureau proceeded to make the requisite adjustment of the taxpayer's account. In the present case it involved a substantial credit, amounting to over $100,000, interest on which forms the subject-matter of the present action. After making the proper adjustment of the taxpayer's account, the collector forwards to the Commissioner a schedule showing what has been done. The collector's action as to a credit is final; but, if payments of any kind are called for, the Commissioner, on receiving the schedule from the collector, has the figures checked, and thereupon makes a "subsidiary schedule," which the Commissioner signs, and which is directed to the disbursing clerk. In effect it amounts to an order for the payment of the money. No allowances of interest are ever made by the collector. Interest on credits is dealt with only at the Bureau in Washington, and it is always paid like a refund; i. e., it goes on a subsidiary schedule which is approved by the Commissioner.

The contention of the government is that the action by the Commissioner, in deciding that there had been an overassessment, was in law the allowance of the credit; that, therefore, the allowance was made during the act of 1921; and that, therefore, interest upon the credit is not recoverable. The difficulty with this argument is that it ignores the decision of the Supreme Court of the United States in Girard Trust Co. v. United States, 270 U. S. 163, 46 S. Ct. 229, 70 L. Ed. 524, and of this court in Boston Buick Co. v. United States in 27 F.(2d) 395. In the first of these cases it was decided, as to refunds, under the act of 1921, which on the point under discussion is substantially the same as the act of 1924, that the effective date was that on which the Commissioner signed the subsidiary schedule; that said schedule constituted the order for the payment of the money; and that up to that time the taxpayer's right to recover had not become fixed. In the Boston Buick Case, Judge Brewster held that the same principle applied to interest on a credit. The practice of the department, treating the Commissioner's decision that there had been an overassessment as the allowance of a refund, was expressly disapproved in the Girard Trust Company Case, supra, page 170 (46 S. Ct. 232). The plaintiff's right to recover interest does not become fixed until it is included in a subsidiary schedule signed by the Commissioner, exactly like money paid on refunds. If the Commissioner's action in signing the subsidiary schedule is the decisive step as to one, it seems to me to be equally the decisive step as to the other.

Judgment for the plaintiff.